## Case No. 12,263.

### SALMON FALLS MANUF'G CO. v. GODDARD.

[26 Hunt, Mer. Mag. 588; 25 Hunt, Mer. Mag. 715.]

Circuit Court, D. Massachusetts. 1852.[1]

STATUTE OF FRAUDS — MEMORANDUM OF SALE — DELIVERY OF GOODS SOLD.

[1. A memorandum of sale, as follows: "19th Sept.—W. W. Goddard, 12 mo. 500 bales S. F. Drills, 7¼. 100 cases blue do., 8¾. Cr. to commence when ship sails, not later than 1st December. Delivered free of charge for truckage. The blues if satisfactory to purchaser. W. W. G. R. M. M.,"—is not a sufficient memorandum to satisfy the statute of frauds; nor can a bill of parcels, made out by a clerk of the seller, and sent to the purchaser, who made no objection or reply thereto, be taken, in connection with such memorandum, for the purpose of forming together a sufficient writing to satisfy the statute.]

[2. Under a contract binding the seller to deliver goods to the purchaser free of truckage, it is not a delivery to have them sent by rail, and left at the station, and to notify the purchaser of their arrival; followed, upon his

---

[1] [Reversed in 14 How. (55 U. S.) 446.]

failure to take them away, with a notice that they are thereafter at the purchaser's risk.]

[This was an action by the Salmon Falls Manufacturing Company against William W. Goddard to recover damages for his refusal to give notes pursuant to an alleged contract for the sale of goods, and also to recover the price of the goods.]

C. G. Loring and C. B. Goodrich, for plaintiffs.

R. Choate and F. O. Watts, for defendant.

BY THE COURT. This action was brought to recover some $19,000 for damage sustained by the plaintiffs from the refusal of defendant to make and deliver to them his note of that amount, for goods bargained for and sold; and also to recover a similar sum for goods sold and delivered. The defendant resisted the demand upon the ground that the plaintiffs could not produce any written note 'or memorandum of the contract, as by statute is required; also that the plaintiffs were bound to deliver the goods to him prior to any right of recovery, which he averred they had not done. It was in proof that· Mason & Lawrence, commission merchants, were the factors, in Boston. of the plaintiffs; that Goddard, on the 19th September, 1850, had a negotiation with Mason for the purchase of some goods, which he intended to ship. A memorandum was written and signed, in the following words, viz:

"19th Sept.—W. W. Goddard, 12 mo.

300 bales S. F. Drills, 7¼
100 cases blue Drills, 8¾

"Cr. to commence when ship sails, not later than 1st December. Delivered free of charge for truckage. W. W. G.

"R. M. M."

"The blues if color satisfactory to purchaser."

At the time of this negotiation the 300 bales were in the storehouse of plaintiffs, in New Hampshire. and Mason so informed the defendant, and requested that he would give notice when he desired the goods, that they might be sent for. On the 11th of October, at which time the 100 cases of blue had been received at the store of Mason & Lawrence. a clerk in their store made a bill of parcels, dated September 30, 1850, which stated that W. W. Goddard had bought of Mason & Lawrence 300 bales of S. F. Drills, at 7¼c.. and 100 cases blue at 8¾c., carrying out the sums total; and underneath this general bill was written the marks, numbers, and yards of each bale, and of each .case. The terms were also stated to be, "Note at 12 mo.. to the treasurer of the Salmon Falls Manufacturing Company." This bill of parcels, on the same day it was made, was sent through the post-office to the defendant. to which he made no reply.

On the 22d October defendant said to Mason he wished him to send for the goods at Salmon Falls. so that he might receive them by the middle of the then next week (which

would be the 30th). On the same day Mason & Lawrence communicated to the plaintiffs the request of. the defendant. On 'the 25th October the ·defendant requested Mason & Lawrence to substitute other goods for those. which he had purchased, with which request they would not comply, and declined. The 300 bales arrived at the Boston and Maine depot, in Boston, on and before the 30th of October, on which day the defendant was notified that the goods were at the depot, and were ready for delivery to him. He replied, "Don't send them." On the next day, Mason & Lawrence, by letter delivered to the de-· fendant, notified him that the goods which had been forwarded from Salmon Falls by his direction were at the depot of the Boston and Maine Railroad, subject to his risk and charge for storage, stating the numbers, and marks of the bales; to which letter he made no reply. On the 2d November, Mason called at the counting room of defendant, and, not finding him, inquired of his clerk why Goddard did not remove his goods, and the clerk answered· that his ship was full. The 300 bales were destroyed by fire at the depot during the night of November 4th. On the morning of the 5th the defendant called upon Mason & Lawrence, and, during the conversation with them, admitted he had his invoice, had been notified, and spoke of the goods as his. On the 30th of September, Mason & Lawrence notified the plaintiffs, at Salmon Falls, that 300 bales had been sold, stating the numbers, which corresponded with those upon the bill of parcels subsequently sent to the defendant, upon which notice the plaintiffs counted and set them apart, and the overseer who had charge of the goods was informed that these 300 bales had been sold, and were not to be forwarded till specially ordered. On the morning of the 4th of November the railroad company were notified by Mason & Lawrence that the 300 bales which were pointed out had been sold to Goddard. The defendant was· owner of a ship called the Crusader. which on the 19th of September was at sea, which arrived at Boston, October 15th. cleared on the 2d November, and sailed on the 6th upon a new voyage. It was in proof that it was the usage of Mason & Lawrence, upon their sales, to require the note of the purchaser; that the defendant was aware of such usage. having purchased of the plaintiffs, through Mason & Lawrence. goods on six occasions prior to the 19th of September, for which purchases he had given his notes. On the 14th of November, plaintiffs demanded a note of defendant, which he refused. Some other things were in evidence, not changing the general aspect of the case. The plaintiffs submitted that the contract between the parties was one which the law regards as a bargain and sale; that the title passed from them, and vested in the defendant. on the 19th of September, notwithstanding the plaintiffs agreed to pay the cost of transportation; that this provision was collateral, and had no such

force or effect as would defeat the vesting of the title in the defendant, that if the title did not so pass to the defendant, inasmuch as he had directed the transportation which had, in pursuance of such direction, been commenced, and had declined to direct the place to which it should be trucked from the depot, a delivery at Salmon Falls to the carrier must be regarded as a delivery to Goddard; that having directed the transportation to commence, he could not, by neglect to designate the place to which it should be completed, or by refusal to receive the goods, interrupt such transportation, and thereupon avoid the responsibility of ownership; that such interruption at the depot was an exercise of ownership, and was in law to be regarded as a delivery. The plaintiffs requested the court to instruct the jury that the paper of 19th of September was a sufficient writing to bind the defendant. They also requested an instruction that the bill of parcels, which represented the defendant as purchaser, by reason of his alleged recognition of, and action under it, must be regarded as a sufficient signature on his part to bind him to the contract therein stated. Also, that the two papers, taken together, constituted one contract, and, so regarded, were sufficient to answer the purpose of the statute, which requires a note of the contract to be in writing. The plaintiffs also submitted that the acts of the parties constituted a delivery to, and acceptance of, the property by the defendant, so as thereby to render a written memorandum unnecessary. If not so as matter of law, these acts were competent to go to the jury, and were sufficient to authorize them to find such delivery and acceptance. They also requested the court to instruct the jury that the defendant, by his conduct, was estopped to say that the property had not been delivered to and accepted by him; that he was estopped to say that the property was not at his risk. There was no proof that the defendant ever requested a delivery of the 100 cases which were offered to him by letter on 16th November; no proof that he ever said to the plaintiffs or their agents in what ship he intended to send his goods, or at which place he wished a delivery. The defendant resisted all these grounds upon which the plaintiffs sought to recover. The court directed the jury to return a verdict for the defendant, giving the reasons at length. In substance, the court considered the paper of 19th September as insufficient, because it did not disclose who was vendor or vendee, what the price or the terms; that the bill of parcels was made by a clerk of Mason & Lawrence, and not by the agent of the defendant; that he did not profess to act for the defendant; that the defendant had not by any writing recognized the paper; that the acts and declarations of the defendant in relation thereto did not amount to a legal recognition of the paper, to an extent sufficient to bind him; that a paper not signed by a party, or by his agent, must be adopted by some writing, to make it available; that the two papers were not to be regarded as a compliance with the statute, although it was assumed they related to the same transaction, because they did not refer to each other; they did not call one for the other.

THE COURT also held that the acts in proof did not, in law, constitute a delivery and acceptance of the goods; that it was not competent for the jury, from the facts in proof, to infer such delivery and acceptance; that the defendant was not estopped by his conduct to say the goods did not belong to him, and were not at his risk at the time they were destroyed. To all these rulings of the court the plaintiffs excepted. Under the direction of the court, the jury returned a pro forma verdict for the defendant that "he did not promise, in manner and form as set forth in the plaintiffs' writ and declaration."

The counsel for the plaintiffs gave notice that they should file exceptions, for the purpose of bringing the case before the U. S. supreme court at Washington.

[NOTE. The cause was therefore taken to the supreme court, where the judgment of this court was reversed, and the proceedings remitted, with directions to award a venire de novo. 14 How. (55 U. S.) 446.]